UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------------x

In re:                                                  Chapter 7

INNOVEST HOLDINGS, LLC,                                 Case No.: 13-22748-RDD

           Debtor.

------------------------------------------------------------------x

MARIANNE T. O'TOOLE, CHAPTER 7 TRUSTEE
OF THE ESTATE OF INNOVEST HOLDINGS, LLC,

                                        Adv. Pro. No.:

           Plaintiff,

        -against-

NEW YORK UNIVERSITY LEONARD N. STERN        **COMPLAINT**
SCHOOL OF BUSINESS and NEW YORK
UNIVERSITY,

           Defendants.

------------------------------------------------------------------x

Marianne T. O'Toole, Chapter 7 Trustee (the "Trustee" or "Plaintiff") of the estate of

Innovest Holdings, LLC (the "Debtor"), by her attorneys, LaMonica Herbst & Maniscalco, LLP,

as and for her complaint (the "Complaint") against New York University Leonard N. Stern

School of Business ("NYU Stern") and New York University ("NYU" and, together with NYU

Stern, the "Defendants"), alleges as follows:

**INTRODUCTION**

1.      On July 18, 2006, the Debtor was formed as a limited liability company in the

State of Delaware by Roman Sledziejowski ("Sledziejowski"), the 100% owner and sole member

of the Debtor.

2.      Sledziejowski, whose Chapter 7 bankruptcy case is currently pending before this

Court under case no. 13-22050, appears to have engaged in a massive Ponzi scheme whereby

investment monies purportedly transferred to him and/or one or more of his companies were used to pay, among other things, other investors.

3.      The Debtor, according to Sledziejowski's income tax returns, reported zero income from at least 2007 through 2012.

4.      The Debtor shared offices with TWS Financial, LLC, another company owned by Sledziejowski that is being liquidated by the Securities and Investor Protection Agency in the United States Bankruptcy Court for the Eastern District of New York under Adv. Pro. No. 13-01152, at 739 Manhattan Avenue, Brooklyn, New York 11222 (the "Manhattan Avenue Premises").

5.      Upon information and belief, the Debtor's business operated a Ponzi scheme from at least 2008 to May 10, 2013.

6.      Viet Ha Do ("Ha Do") shared a single office with Sledziejowski at the Manhattan Avenue Premises and worked side-by-side with Sledziejowski.

7.      At all times relevant, Sledziejowski and Ha Do wasted the Debtor's assets when they caused the Debtor to satisfy obligations that related solely to Ha Do personally.

8.      Included among such corporate waste were payments by the Debtor to the Defendants for expenses incurred personally by Ha Do.

9.      The Trustee seeks to recover these fraudulent conveyances from the Defendants.

## **JURISDICTION AND VENUE**

10.     This Court has jurisdiction over this action pursuant to 28 U.S.C. §§ 157(a) and 1334(b).

11.     The statutory predicates for the relief sought herein include 11 U.S.C. §§ 105(a), 323, 542, 548, 550 and 551, New York State Debtor and Creditor Law §§ 272 et seq. and Rules 6009 and 7001 of the Federal Rules of Bankruptcy Procedure.

12.     Venue of this action is proper in this Court pursuant to 28 U.S.C. § 1409(a).

13.     This action is a core proceeding pursuant to 28 U.S.C. § 157(b) (1), (b) (2) (A), (B), (E), (F) and (O).

**THE PARTIES**

14.     The Plaintiff is the Chapter 7 Trustee of the Debtor's estate.

15.     The Plaintiff maintains an office at 22 Valley Road, Katonah, New York 10536.

16.     Defendant New York University Leonard N. Stern School of Business maintains its principal place of business at the Henry Kaufman Management Center, 44 West Fourth Street, New York, New York 10012.

17.     Defendant New York University maintains its principal place of business at 70 Washington Square South, New York, New York 10012

**PROCEDURAL AND FACTUAL HISTORY**

**A.     The Debtor's Bankruptcy Filing**

18.     On May 10, 2013 (the "Petition Date"), the Debtor filed a voluntary petition for relief under Chapter 7 of Title 11 of the United States Code (the "Bankruptcy Code") in the United States Bankruptcy Court for the Southern District of New York.

19.     By Notice of Chapter 7 Bankruptcy Case, Meeting of Creditors, & Deadlines dated May 10, 2013, Marianne T. O'Toole was appointed as the interim Chapter 7 Trustee of the Debtor's estate and, by operation of law, Marianne T. O'Toole became the permanent trustee of the Debtor's estate.

**B.      The Events Leading to Sledziejowski's Bankruptcy Filing**

20.      At all times relevant, Sledziejowski was the chief executive officer, managing director and majority shareholder of TWS Financial, LLC ("TWS").

21.      By seven letters dated from May 14, 2012 through September 14, 2012, the Financial Industry Regulatory Authority ("FINRA") staff requested, pursuant to FINRA Rule 8210, documents and information from Sledziejowski concerning, inter alia, certain business ventures and other activities in which Sledziejowski was engaged outside the scope of his association with TWS.

22.      Sledziejowski failed to fully respond to FINRA's first request letter and completely failed to respond to the six subsequent request letters.

23.      On August 29 and October 2, 2012, Sledziejowski appeared at an on-the-record interview to give testimony to FINRA staff, as requested pursuant to FINRA Rule 8210, but on both occasions Sledziejowski failed to answer substantive questions about various subject matters including business activities in which he was engaged outside the scope of his association with TWS.

24.      On October 3, 2012, Sledziejowski failed to appear at an on-the-record interview as requested by FINRA staff pursuant to FINRA Rule 8210.

25.      On November 28, 2012, FINRA Department of Enforcement filed a disciplinary proceeding against Sledziejowski (the "FINRA Complaint").

26.      Sledziejowski subsequently submitted an offer of settlement to the FINRA Complaint, which was accepted by FINRA's Office of Disciplinary Affairs and an Order Accepting Offer of Settlement was issued on February 1, 2013 (the "FINRA Settlement Order").

4

27.     According to the FINRA Settlement Order, Sledziejowski defrauded three customers of approximately $4.8 million by converting client funds to his personal use while providing falsified account statements to his customers.

28.     According to the FINRA Settlement Order, between June 2009 and August 2012, Sledziejowski instructed TWS customers to wire funds from their TWS brokerage accounts or bank accounts to the Debtor for investment purposes.

29.     According to the FINRA Settlement Order, Sledziejowski wired funds from customer accounts to the Debtor without the customers' knowledge or consent.

30.     According to the FINRA Settlement Order, Sledziejowski provided customers with falsified account statements or account snapshots.

31.     According to the FINRA Settlement Order, although Sledziejowski received almost $5 million of customer funds through fraud and deceit, Sledziejowski only returned approximately $1.5 million to those customers.

32.     On December 11, 2012, FINRA permanently barred Sledziejowski from the investment advisory business for life and, on February 1, 2013, FINRA entered an Order barring Sledziejowski from the industry in all capacities.

33.     On January 15, 2013, Sledziejowski filed a voluntary petition for relief under Chapter 11 of the Bankruptcy Code.

34.     By Order dated March 27, 2013, the Court directed the appointment of a Chapter 11 Trustee.

35.     By Notice of Appointment of Chapter 11 Trustee dated March 28, 2013, the Office of the United States Trustee appointed Marianne T. O'Toole as Chapter 11 Trustee of Sledziejowski's estate.

36.     By Order dated March 28, 2013, the Court approved the appointment of Marianne T. O'Toole as Chapter 11 Trustee of Sledziejowski's estate.

37.     By Stipulation and Order dated April 15, 2013, Sledziejowski's case was consensually converted from a case under Chapter 11 of the Bankruptcy Code to a case under Chapter 7 of the Bankruptcy Code as of April 15, 2013.

38.     By Notice of Chapter 7 Bankruptcy Case, Meeting of Creditors, and Deadlines dated April 15, 2013, Marianne T. O'Toole was appointed as the interim Chapter 7 Trustee of Sledziejowski's estate.

39.     On June 13, 2013, Sledziejowski appeared at the Bankruptcy Code § 341(a) meeting of creditors and testified under oath.

40.     By operation of law, Marianne T. O'Toole became the permanent trustee of Sledziejowski's estate.

C.     **The Transfers To The Defendants**

41.     At all times relevant, Sledziejowski, the Debtor's sole shareholder, caused the Debtor to satisfy personal business and financial obligations of, among others, Ha Do.

42.     At all times relevant, the Debtor was unable to pay its debts as they became due in the usual course of the Debtor's business.

43.     The Debtor's inability to pay its debts as they came due continued through the Petition Date.

44.     Upon information and belief, Ha Do attended NYU Stern between 2009 and 2012 and, as such, Ha Do owed a personal debt for the tuition due to one or both of the Defendants between 2009 and 2012.

6

45.     Within two years of the Petition Dsate, the Debtor conveyed the following monies

by wire transfer to the Defendants totaling $50,252.00 on the dates listed (collectively, the

"Transfers"):

| Date | Payee | Wire Amount |
|---|---|---|
| 6/15/2009 | NYU | $ 2,000.00 |
| 8/11/2009 | NYU School | $ 8,409.00 |
| 1/11/2010 | NYU | $ 9,530.00 |
| 5/3/2010 | NYU | $ 9,685.00 |
| 5/10/2011 | NYU | $10,065.00 |
| 8/12/2011 | NYU | $10,563.00 |

46.     According to the Debtor's bank statements, the Transfers were made to or for the

benefit of one or both of the Defendants on account of Ha Do.

47.     The Transfers were made on account of the personal debt of Ha Do.

48.     The Defendants received the Transfers.

49.     The Transfers were made to the Defendants for the benefit of Ha Do

50.     At all times relevant, there existed unsecured creditors of the Debtor who

remained unsecured creditors as of the Petition Date.

51.     The Defendants allowed the Debtor to make the Transfers totaling $50,252.00.

52.     The Defendants received the benefit of the Transfers.

53.     The Debtor did not receive consideration for the Transfers.

54.     The Transfers disbursed to the Defendants constituted property of the Debtor's

estate.

55.     The Debtor was insolvent at the time of the Transfers.

56.     The Debtor made the Transfers to the Defendants prior to the Petition Date.

57.     The Defendants accepted the Transfers from the Debtor on account of obligations owed to the Defendants by Ha Do.

58.     The Defendants knew, or should have known, the Transfers were being made by the Debtor and not Ha Do.

59.     The Defendants should not have accepted the Transfers from the Debtor on behalf of Ha Do.

60.     The Transfers were made to or for the benefit of one or both of the Defendants on account of a personal debt owed by Ha Do.

61.     The Defendants applied the Transfers to the personal account of Ha Do.

**FIRST CLAIM FOR RELIEF**
**(Fraudulent Conveyance Pursuant to**
**11 U.S.C. §§ 548(a)(1)(A) and 550)**

62.     Plaintiff repeats and realleges the allegations set forth in paragraphs "1" through "61" as if fully set forth herein.

63.     The Debtor made the Transfers to the Defendants with actual intent to hinder, delay or defraud its creditors.

64.     By reason of the foregoing, the Transfers must be avoided and Plaintiff is entitled to recover the value of the Transfers from the Defendants in an amount to be determined at trial, which amount is not less than $50,252.00, plus interest thereon from the date of the complaint, attorneys' fees and costs, and such other amounts as may be determined by the Court.

**SECOND CLAIM FOR RELIEF**
**(Fraudulent Conveyance Pursuant to**
**11 U.S.C. §§ 548(a)(1)(B)(i) and (B)(ii)(I) and 550)**

65.     Plaintiff repeats and realleges the allegations set forth in paragraphs "1" through "64" as if fully set forth herein.

66.    The Transfers were made for less than reasonably equivalent value.

67.    The Debtor was insolvent at the time of the Transfers.

68.    By reason of the foregoing, the Transfers must be avoided and Plaintiff is entitled

to recover the value of the Transfers from the Defendants in an amount to be determined at trial,

which amount is not less than $50,252.00, plus interest thereon from the date of the complaint,

attorneys' fees and costs, and such other amounts as may be determined by the Court.

## THIRD CLAIM FOR RELIEF
### (Fraudulent Conveyance Pursuant to
### 11 U.S.C. §§ 548(a)(1)(B)(i) and (B)(ii)(II) and 550)

69.    Plaintiff repeats and realleges the allegations set forth in paragraphs "1" through

"68" as if fully set forth herein.

70.    The Transfers were made for less than reasonably equivalent value.

71.    At the time the Transfers were made, the Debtor was about to engage in business

for which any property remaining with the Debtor was an unreasonably small capital.

72.    By reason of the foregoing, the Transfers must be avoided and Plaintiff is entitled

to recover the value of the Transfers from the Defendants in an amount to be determined at trial,

which amount is not less than $50,252.00, plus interest thereon from the date of the complaint,

attorneys' fees and costs, and such other amounts as may be determined by the Court.

## FOURTH CLAIM FOR RELIEF
### (Fraudulent Conveyance Pursuant to
### 11 U.S.C. §§ 548(a)(1)(B)(i) and (B)(ii)(II) and 550)

73.    Plaintiff repeats and realleges the allegations set forth in paragraphs "1" through

"72" as if fully set forth herein.

74.    The Transfers were made for less than reasonably equivalent value.

75.     The Debtor intended to incur or believed that it would incur debts that would be beyond the Debtor's ability to pay as such debts matured.

76.     By reason of the foregoing, the Transfers must be avoided and Plaintiff is entitled to recover the value of the Transfers from the Defendants in an amount to be determined at trial, which amount is not less than $50,252.00, plus interest thereon from the date of the complaint, attorneys' fees and costs, and such other amounts as may be determined by the Court.

**FIFTH CLAIM FOR RELIEF**
**(Fraudulent Conveyance Pursuant to 11 U.S.C. §§ 544(b)**
**and 550 and New York Debtor and Creditor Law §273)**

77.     Plaintiff repeats and realleges the allegations set forth in paragraphs "1" through "76" as if fully set forth herein.

78.     Within six years of the date of this complaint, the Debtor made the Transfers of valuable property to the Defendants.

79.     The Transfers were made when the Debtor was insolvent.

80.     The Transfers were made without fair consideration and constitute fraudulent conveyances as to the estate or the Debtor's creditors.

81.     The Trustee is asserting the rights of unsecured creditors whose unsecured claims date back to the date of the fraudulent conveyances.

82.     By reason of the foregoing, the Transfers should be avoided and Plaintiff is entitled to set aside and recover the value of such Transfers in an amount to be determined at trial which amount is not less than $50,252.00, plus interest thereon from the date of the complaint, attorneys' fees and costs, and such other amounts as may be determined by the Court.

## SIXTH CLAIM FOR RELIEF
### (Turnover Pursuant to 11 U.S.C. § 542(a))

83.     Plaintiff repeats and realleges the allegations set forth in paragraphs "1" through "82" as if fully set forth herein.

84.     The Defendants did not provide consideration to the Debtor for the Transfers.

85.     The Transfers constitute property of the Debtor's estate pursuant to Bankruptcy Code § 541(a).

86.     Based on the foregoing, the Court should compel the Defendants to turn over all property of the Debtor, including without limitation, the Transfers, plus interest, to the Trustee for the benefit of the Debtor's estate and creditors.

## SEVENTH CLAIM FOR RELIEF
### (Accounting Pursuant to 11 U.S.C. § 542(a))

87.     Plaintiff repeats and realleges the allegations set forth in paragraphs "1" through "86" as if fully set forth herein.

88.     The Defendants have retained the Transfers for which no consideration was given to the Debtor.

89.     By reason of the foregoing, Plaintiff is entitled to an accounting of: (a) any and all payments made for or on behalf of Ha Do to the Defendants; and (b) the reasons for Defendants' retention of all funds paid to the Defendants by the Debtor from no later than May 10, 2008 through the present.

## EIGHTH CLAIM FOR RELIEF
### (Monies Had and Received)

90.     Plaintiff repeats and realleges the allegations set forth in paragraphs "1" through "89" as if fully set forth herein.

91.     The Defendants received and retained the Transfers.

92.     The Defendants did not provide consideration to the Debtor for the Transfers.

93.     Accordingly, the Defendants are not entitled to retain the Transfers.

94.     By reason of the foregoing, the Plaintiff is entitled to an award in an amount to be determined at trial, which amount is not less than $50,252.00, plus interest thereon from the date of the complaint, attorneys' fees and costs, and such other amounts as may be determined by the Court.

### NINTH CLAIM FOR RELIEF
### (Unjust Enrichment)

95.     Plaintiff repeats and realleges the allegations set forth in paragraphs "1" through "94" as if fully set forth herein.

96.     The Defendants received the Transfers from the Debtor.

97.     The Defendants did not give the Debtor consideration in exchange for the Transfers.

98.     The Defendants failed to return the Transfers to the Plaintiff.

99.     It would be unjust to allow the Defendants to retain the Transfers because the Defendants did not provide consideration to the Debtor in exchange for the Transfers.

100.    By reason of the foregoing, the Plaintiff is entitled to an award in an amount to be determined at trial, which amount is not less than $50,252.00, plus interest thereon from the date of the complaint, attorneys' fees and costs, and such other amounts as may be determined by the Court.

### TENTH CLAIM FOR RELIEF
### (Fraudulent Conveyance Pursuant to 11 U.S.C. §§ 544(b),
### 550 and 551 and New York Debtor and Creditor Law § 274)

101.    Plaintiff repeats and realleges the allegations set forth in paragraphs "1" through "100" as if fully set forth herein.

102.    At the time of the Transfers to the Defendants, the Debtor was engaged or about to engage in a business or transaction for which the property remaining in the possession of the Debtor after the Transfers was unreasonably small capital.

103.    The Transfers were made without fair consideration and constitute fraudulent conveyances as to creditors at that time and as to other persons who became creditors during the continuance of the business.

104.    Each of the Transfers constituted fraudulent conveyances in violation of New York State Debtor and Creditor Law § 274.

105.    By reason of the foregoing, pursuant to Bankruptcy Code §§ 544, 550 and 551 and New York State Debtor and Creditor Law §274, Plaintiff is entitled to a judgment against the Defendants: (a) avoiding the Transfers; (b) in an amount not less than $50,252.00, plus interest thereon from the date of the complaint, attorneys fees and costs, and such other amounts as may be determined by the Court.

**ELEVENTH CLAIM FOR RELIEF**
**(Fraudulent Conveyance Pursuant to 11 U.S.C. §§ 544(b),**
**550 and 551 and New York Debtor and Creditor Law § 275)**

106.    Plaintiff repeats and realleges the allegations set forth in paragraphs "1" through "105" as if fully set forth herein.

107.    At the time of the Transfers, the Debtor had incurred or was intending to incur debts beyond its ability to pay as they came due.

108.    The Debtor did not receive fair consideration for the Transfers.

109.    The Transfers constituted a fraudulent conveyance in violation of New York Debtor and Creditor Law § 275.

110.    By reason of the foregoing, pursuant to Bankruptcy Code §§ 544, 550 and 551 and New York State Debtor and Creditor Law § 275, Plaintiff may avoid the Transfers and is entitled to a judgment against the Defendants: (a) avoiding the Transfers; (b) in an amount not less than $50,252.00, plus interest thereon from the date of the complaint, attorneys' fees and costs, and such other amounts as may be determined by the Court.

**WHEREFORE**, the Plaintiff respectfully requests that the Court enter judgment in his favor and award the following relief:

i.    On the First, Second, Third, Fourth, Fifth, Eighth, Ninth, Tenth and Eleventh Claims for Relief, voiding the Transfers, and for damages on behalf of the Debtor in an amount to be determined at trial that is not less than $50,252.00, as well as any additional amounts that may be revealed in discovery, plus interest; directing that a money judgment be entered for that amount, and attaching the assets of the Defendants to prevent transfers therefrom in the foregoing amounts.

ii.    On the Sixth Claim for Relief, directing the Defendants to turn over all property of the Debtor, including without limitation, the Transfers, plus interest, to the Trustee for the benefit of the Debtor's estate and creditors.

iii.    On the Seventh Claim for Relief, an accounting of: (a) any and all payments made for or on behalf of Ha Do to the Defendants; and (b) the reasons for Defendants' retention of all funds paid to the Defendants by the Debtor from no later than May 10, 2008 through the present.

iv.    On all claims, awarding pre- and post- judgment interest, costs and disbursements as allowed by law.

v.    On all claims, awarding attorneys' fees as allowed by law.

vi.    On all claims, allowing punitive damages, as allowed by law; and

14

vii.       On all claims, awarding such other and further relief as may appear just and

proper.

Dated: December 18, 2013
       Wantagh, New York

**LAMONICA HERBST & MANISCALCO, LLP**
Counsel to Marianne T. O'Toole, Chapter 7
Trustee of the Estate of Innovest Holdings, LLC

By:      *s/ Joseph S. Maniscalco*
         Joseph S. Maniscalco, Esq.
         Holly Rai, Esq.
         3305 Jerusalem Avenue, Suite 201
         Wantagh, New York 11793
         Telephone: (516) 826-6500

*M:\Documents\Company\Cases\Innovest Holdings, LLC\NYU Adversary Action\Complaint against NYU.docx*